Chaplin *v.* Wilkinson.

———————

## CHAPLIN *vs.* WILKINSON.

The plaintiff, having an account for about $200, against F., assigned it to the defendant, upon an agreement that the latter should pay him whatever sum he (the defendant,) should have allowed to him on the claim, by way of set-off, or counter-claim, in an action about to be commenced against him by F. Payment was to be made whenever it was determined what amount was allowed. The action was commenced by F., and the defendant set up and used the claim so assigned, in that action, as a set-off or counter-claim to the demand of F. against him. The action was tried before a referee, who, on the 20th of February, 1854, made a report, allowing to the defendant $137 on the claim so assigned. Judgment was entered on the report, April 29, 1854. That Judgment was subsequently reversed, and a new trial ordered. Afterwards, and before a new trial was had, the action was settled, between the parties. The present action, to recover the amount allowed to the defendant upon the assigned account, in the former suit, was commenced April 4, 1860.

*Held*, 1. That the plaintiff's demand against the defendant did not become due, under the agreement, so that the statute of limitations commenced to run, until the judgment was rendered, on the report. That until that time it was not conclusively established and determined whether any amount had been allowed to the defendant. And that an action brought within six years from April 29, 1854, was commenced in time to save the demand from the operation of the statute.

2. That by the judgment in the former suit both the amount to be paid by the defendant to the plaintiff, and the time of payment, became fixed, and a cause of action then accrued, to recover the amount due, as thus ascertained; and that the subsequent reversal of the judgment did not affect the plaintiff's right of action, which had become vested.

3. That if the defendant, after having availed himself of the account assigned, in one trial, according to the agreement, and had a certain amount allowed, settled the action, after the reversal of the judgment, and thus prevented another trial and determination as to the amount due on the claim, as between F. and the plaintiff, he could not be heard to say that there had been no determination as to the amount, and that nothing was due by reason thereof. That he could not thus, by his own voluntary act, destroy the plaintiff's claim and right of action against himself.

APPEAL by the defendant from a judgment entered upon the report of a referee.

In June, 1853, the plaintiff Chaplin had an account against one Sumner Fitts, of about $180, against which Fitts had an offset of an undetermined amount. Fitts had built a house for Wilkinson, at a contract price of $675, on which Wilkinson had paid $275; and Fitts was threatening to sue Wilkinson for the balance. Wilkinson, to be so prepared as to throw the costs on Fitts if he should sue, applied to Chaplin to purchase his account, to use it as a counter-claim in such anticipated action. After some hesitation, Chaplin agreed to assign his claim to Wilkinson, upon an agreement by Wilkinson, that if Chaplin would assign to him, he would pay to Chaplin the amount of his account, as soon as it was determined by the court in the anticipated suit of Fitts against him, how much Chaplin's account would be lessened by the deduction of Fitts' account against Chaplin. The parties went to a lawyer's office, where the agreement between them was stated over, the assignment drawn up, and executed, Wilkinson paying Chaplin a nominal sum of $1. Afterwards, Fitts brought a suit against Wilkinson, who defended, and used the Chaplin account as a counter-claim so successfully that the referee in that action, February 20, 1854, reported in favor of Fitts for only $43.85, allowing the

Chaplin account at $137. Judgment on that report was entered up on the part of Wilkinson, April 29, 1854, for costs, against Fitts. This action was brought to recover, among other things, the said sum of $137 and interest; the complaint alleging that the defendant had, in the year 1855, received of, and realized from, Fitts the said sum of $137, so allowed to him upon the said assigned demand.

The answer of the defendant contained, 1st. A general denial. 2d. An allegation of payment. 3d. A plea of the statute of limitations. 4th. An averment that subsequent to the rendition of the judgment in said first cause of action mentioned, and on or about the 9th day of March, 1855, the said judgment, by an order of this court duly made and entered, was reversed, vacated and set aside, and the same became and was wholly void, and that no further or other judgment was ever made or entered in the suit in said first cause of action mentioned and referred to, nor did this defendant ever receive or realize the sum in said first cause of action stated, or any sum, upon the said judgment in said first cause of action mentioned, or any judgment whatever. 5th. Set up a counter-claim. On the trial, the plaintiff proved the facts in the case of Fitts against Wilkinson, by the judgment roll. The defendant introduced in evidence, under objection, a certified copy order of reversal, and for a new trial, dated March 9, 1855. After March 9, 1855, Wilkinson, through his attorneys, arranged and settled the suit of Fitts against himself.

The referee reported in favor of the plaintiff, for $118.23.

*Charles McLouth*, for the appellant.

*S. B. McIntyre*, for the respondent.

*By the Court*, JOHNSON, J. The finding of the referee, upon all the controverted facts in the case, is conclusive. The only question of any importance, for consideration,

Chaplin *v.* Wilkinson.

is, whether the statue of limitations had run against the principal demand of the plaintiff, before the commencement of the action. The action was commenced April 4, 1860. The principal claim of the plaintiff grew out of an assignment of an account for about $200, which he had against one Fitts. This account he assigned to the defendant upon an agreement that the defendant should pay him whatever sum he, the defendant, should have allowed to him on the claim by way of set-off, or counter-claim, in an action about to be commenced by said Fitts against the defendant. Payment was to be made whenever it was determined what amount was allowed. The action was commenced by Fitts, and the defendant set up and used the claim so assigned, in that action, as a set-off or counter-claim to the demand of Fitts against him. The action was referred, and tried by a referee, who, on the 20th of February, 1854, reported, allowing the defendant $137, on the claim so assigned. Judgment was entered on the report, April 29, 1854. It is plain, we think, that the plaintiff's demand against the defendant did not become due, under the agreement, so that the statute commenced to run, until judgment was rendered on the report. Until that time, it was not conclusively established and determined, whether any amount had been allowed to the defendant. The decision of the referee was only one of the steps to such determination, which was consummated and rendered absolute by the judgment. The action was therefore brought in time to save the demand from the operation of the statute. It appears, from the evidence in the case, and the finding of the referee, that at the March general term of the Supreme Court, in the year following the rendition of the judgment, in the 7th judicial district, the judgment so rendered was reversed, and a new trial ordered, and that afterwards, and before the new trial, the action was settled between the parties thereto.

It is argued, on behalf of the appellant, that if a right

of action accrued to the plaintiff by the rendition of the judgment, it must have failed and been defeated, by the reversal of such judgment and the ordering of a new trial in the action afterwards; and inasmuch as it has never been ascertained, and determined in that action, how much was due on the plaintiff's account against Fitts, over and above the claims of Fitts against the plaintiff, or how much was allowed the defendant as a set-off, on account of the plaintiff's demand against Fitts, no right of action was shown by the plaintiff against the defendant. But this by no means follows.

By the agreement between the parties when the assignment was made, the amount which the defendant was to pay was to depend upon the amount allowed to the defendant in his action with Fitts, and the time of payment was to be when it was determined what the amount was. By the judgment, both the amount and time of payment became fixed, and a cause of action then accrued to recover the amount due as thus ascertained.

The reversal of the judgment, afterwards, could not affect the plaintiff's right of action, which had become vested. He was no party to the judgment, and could not be affected by its reversal, one way or the other, unless it was shown that such reversal was upon the ground that too much had been allowed the defendant on the plaintiff's claim against Fitts, as between Fitts and the plaintiff, or on the ground that nothing was due the latter from the former. Perhaps, in such a case, the reversal might have affected the plaintiff as respects the measure of his recovery, and also in respect to the time of payment. But nothing of the kind is shown, and there is no presumption in the defendant's favor that the reversal was upon any such ground. If it were otherwise, however, in this respect, the defendant is concluded by his settlement of the action with Fitts, after the reversal and before a new trial. After having availed himself of the account assigned

in one trial, according to the agreement, and had a certain amount allowed, if he has settled the action after the reversal of the judgment, and thus prevented another trial and determination as to the amount due on the claim as between Fitts and the plaintiff, he cannot be heard to say that there has been no determination as to the amount, and that nothing is due by reason thereof. He could not thus, by his own voluntary act, destroy the plaintiff's claim and right of action, against himself. Had he settled the action before any trial, he might, and we think undoubtedly would, have been liable to the plaintiff for the whole face of the claim or account against Fitts, under the agreement.

In any view the judgment is right, and should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, March 5, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]